UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-22361-BLOOM/Otazo-Reyes

JUAN C. PENA BEJERANO,

    Plaintiff,

v.

GEO CARE, LLC; CORRECT CARE
RECOVERY SOLUTIONS;
DEPARTMENT OF CHILDREN AND
FAMILIES; SHEVAUN HARRIS;
KRISTIN KANNER; FLORIDA
DEPARTMENT OF CORRECTIONS;
PUBLIC DEFENDER'S OFFICE,
ELEVENTH JUDICIAL CIRCUIT;
STATE ATTORNEY'S OFFICE,
ELEVENTH JUDICIAL CIRCUIT;
and DONALD SAWYER;

    Defendants.
_____/

## ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS*

**THIS CAUSE** is before the Court upon *pro se* Plaintiff Juan C. Pena Bejerano's ("Plaintiff") Application to Proceed in District Court without Prepaying Fees or Costs, ECF No. [2] ("Motion"), filed on March 23, 2021. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Plaintiff's Motion is denied.

Plaintiff has not paid the required filing fee and, thus, the screening provisions of 28 U.S.C. § 1915(e) are applicable. Fundamental to our system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. Congress has provided that a court "may authorize the commencement, prosecution, or defense of any suit, action or proceeding,

civil or criminal, or appeal therein, without prepayment of fees . . . therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (interpreting § 1915 to apply to all persons seeking to proceed IFP). To proceed *in forma* pauperis, an applicant is required to show that, because of poverty, he is unable to prepay for the court fees and costs. *Martinez*, 364 F.3d at 1307. Granting permission to proceed *in forma pauperis* is committed to the sound discretion of the court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *see also Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 916 (11th Cir. 2014) ("A district court has wide discretion in ruling on an application for leave to proceed IFP."). However, "proceeding *in forma pauperis* is a privilege, not a right." *Camp*, 798 F.2d at 437.

Section 1915(a) requires a determination as to whether "the statements in the [applicant's] affidavit satisfy the requirement of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).[1] An applicant's "affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307; *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (*in forma pauperis* status is demonstrated when, because of poverty, one cannot "pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."). The Department of Health and Human Services (HHS) poverty guidelines are central to an assessment of an applicant's poverty. *See Taylor v. Sup. Ct. of N.J.*, 261 F. App'x 399, 401 (3d Cir. 2008) (using HHS Guidelines as the basis for § 1915

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

determination); *see also Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784 (10th Cir. 2010) (same); Annual Update of the HHS Poverty Guidelines, 85 Fed. Reg. 3060 (Jan. 13, 2021). Further, the § 1915 *in forma paurperis* analysis requires "comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas*, 574 F. App'x at 917.

The Motion represents that Plaintiff earns bi-weekly wages of $620.47 (i.e., $1,240.94 per month), that he has $1,530.97 in a checking or savings account. In addition, he owns two vehicles, one of which is valued at $4,200.00 and the other of which is valued at $500.00. ECF No. [2] at 1-2. The Motion further indicates that Plaintiff's total monthly expenses amount to $1,130.00, which includes $700.00 per month in rent, $50.00 per month for his cell phone bill, $200.00 per month for car insurance, $80.00 per month in gasoline, and $100.00 per month in personal care expenses. *Id.* at 2. Thus, in addition to the cash he has in his bank accounts and the two vehicles he owns, Plaintiff retains approximately $120.00 per month after paying all of his monthly expenses. Upon review of the HHS poverty guidelines and Plaintiff's financial situation, the Court determines that he is able to pay the required filing fee and therefore does not qualify as indigent under § 1915.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [2],** is **DENIED**. Plaintiff is ordered to pay the filing fee in this case in $100.00 monthly installments **beginning on July 19, 2020**. Plaintiff must also file proposed summonses for each named Defendant in this case **by no later than July 19, 2021**. Plaintiff shall have ninety (90) days from the date of this Order to serve the Defendants. Failure to comply shall result in the imposition of the appropriate sanctions, including but not limited to dismissal without prejudice without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 1, 2021.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Juan C. Pena Bejerano
16221 SW 199th Avenue
Miami, FL 33187