UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-22361-BLOOM/Otazo-Reyes

JUAN C. PENA BEJERANO,

    Plaintiff,

v.

GEO CARE, LLC; CORRECT CARE
RECOVERY SOLUTIONS;
DEPARTMENT OF CHILDREN AND
FAMILIES; SHEVAUN HARRIS;
KRISTIN KANNER; FLORIDA
DEPARTMENT OF CORRECTIONS;
PUBLIC DEFENDER'S OFFICE,
ELEVENTH JUDICIAL CIRCUIT;
STATE ATTORNEY'S OFFICE,
ELEVENTH JUDICIAL CIRCUIT;
and DONALD SAWYER;

    Defendants.
_____/

## ORDER ON MOTION FOR APPOINTMENT OF COUNSEL

**THIS CAUSE** is before the Court upon Plaintiff Juan C. Pena Bejerano's ("Plaintiff") Motion for Appointment of Counsel, ECF No. [4] ("Motion"), filed on April 13, 2021. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

A plaintiff has no constitutional right to counsel in a civil case, and the decision to appoint counsel is within the Court's discretion. *Suggs v. United States*, 199 F. App'x 804, 807 (11th Cir. 2006). Indeed, counsel should only be appointed in "exceptional circumstances." *Id.* (citing *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992)). Exceptional circumstances exist when there are "facts and legal issues which are so novel or complex as to require the assistance of a trained

practitioner." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (quoting *Poole v. Lambert*, 819 F.2d 1025,1028 (11th Cir. 1987)) (quotations and alteration omitted). "The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court." *Suggs*, 199 F. App'x at 807 (quoting *Kilgo*, 983 F.2d at 193). After careful review of the record in this case, the Court does not find that Plaintiff's claims present such exceptional circumstances that counsel should be appointed. Therefore, Plaintiff's Motion is denied. Nevertheless, this case shall be referred to the Volunteer Attorney Program, where a volunteer attorney may accept the representation on a *pro bono* basis, if they so desire.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [4]**, is **DENIED**. However, this case shall be **REFERRED** to the Court's Volunteer Attorney Program, where a volunteer attorney may accept the representation on a pro bono basis if so desired. The Clerk of Court is directed to post Plaintiff's contact information and the case description below on the Court's website of available *pro bono* cases seeking volunteer lawyers. If the representation is accepted, the volunteer attorney shall enter an appearance in the case and thereafter will be eligible for reimbursement of reasonable litigation expenses pursuant to the Court's Reimbursement Guidelines for Volunteer Counsel.

The Clerk of Court is **DIRECTED TO POST** the following case description:

Plaintiff Juan C. Pena Bejerano has filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated when he was unlawfully detained for the purpose of being declared a Sexually Violent Predator after the expiration of his criminal sentence. Plaintiff asserts claims for violations of his Fourth, Sixth, Eighth, and Fourteenth Amendment rights.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 1, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Juan C. Pena Bejerano
16221 SW 199th Avenue
Miami, FL 33187